UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re TFRC ENTERPRISES, LLC | § § | |
| SETH KRETZER, | § § | |
|     Appellant, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-01394 |
| | § | SDTX BANKRUPTCY, 23-60006 |
| CHRISTOPHER R MURRAY, | § § | |
|     Appellee. | | |

## MEMORANDUM AND ORDER

Before the Court is this appeal of a bankruptcy court order. The appeal is brought by Seth Kretzer (the "Receiver"), who was appointed by a Texas state court as the Receiver of the assets belonging to Richard J. Whitmore ("Whitmore"). Appellee is the bankruptcy debtor TFRC Enterprises, LLC ("TFRC"), of which Whitmore was the principal shareholder and chief executive.

TFRC contends that the appeal should be dismissed because it is not from a final order. The nature of the appeal, however, is sufficiently important that the Court prefers to deal with its merits rather than debate the finality of the underlying Bankruptcy Court order. There is no question that the Court could reach the merits of the appeal by simply withdrawing the reference to the Bankruptcy Court. 28 U.S.C. § 157(d).

The issue that led to the appeal is deceptively simple: who had the right to initiate the bankruptcy of debtor TFRC? The Receiver claims that right because the state court ordered him to take custody of all of Whitmore's assets and, among those assets were the shares of TFRC. The

Receiver contends, thus, that the bankruptcy proceedings, which were initiated by Whitmore, were initiated without authority. Conversely, TFRC contends that Whitmore was the "member-manager" of TFRC, that the state court order concerned Whitmore's assets and not his leadership position at TFRC, and that Whitmore was clearly authorized by TFRC to initiate the bankruptcy.

The Bankruptcy Court ruled in favor of TFRC. It noted that the state court proceeding had dealt with assets of Whitmore, but not with assets of TFRC, which is the only bankruptcy debtor in question. The Bankruptcy Court also noted that the creditors of TFRC were not given notice of the state court proceeding by which the Receiver was appointed and vested with the assets of Whitmore. Impliedly and importantly, the creditors of TFRC should have had their day in court before management rights in TFRC were materially truncated.

Both sides present cogent arguments. And, whether a debtor in bankruptcy is even authorized to be in bankruptcy is certainly a question that needs to be resolved sooner rather than later in the course of a bankruptcy proceeding.

The controversy that divides the parties illustrates a peculiarity of bankruptcy law. Under the Code, it is commonplace for more than one actor to be able to initiate a bankruptcy proceeding. This is true of both voluntary and involuntary proceedings.

The language of the Code is vague – intentionally so, it must be assumed – as to who can initiate a voluntary bankruptcy: "A voluntary case . . . is commenced by the filing with the bankruptcy court . . . by an entity that may be a debtor." 11 U.S.C. § 301(a). Altogether absent is any language requiring corporate formalities such as board of directors' resolutions or a vote of shareholders. The requirements for filing an involuntary bankruptcy are necessarily even more lenient. An involuntary bankruptcy may be initiated by three or more entities who are owed money or an indentured trustee whose unsecured claims total at least $18,600. 11 U.S.C. § 303(b)(1). If

there are fewer than 12 such persons, a single person owed at least $18,600 can initiate an involuntary bankruptcy. 11 U.S.C. § 303(b)(2).

The Court is unable to find, within the Code, any limitation on Whitmore's ability to file a voluntary bankruptcy on behalf of TFRC. As a practical matter, if other parties associated with TFRC had not wanted a voluntary bankruptcy initiated, the Code outlines means by which the those parties could have opposed the filing. There has been so such opposition except by the Receiver, whose objection was the subject of an evidentiary hearing in Bankruptcy Court.

A case that bears some similarities to this one is *In re Bodenheimer, Jones, Szwak, and Winchell, LLP*, 592 F.3d 664 (5th Cir. 2009). A partner in the subject law firm partnership had initiated a state law dissolution of the partnership and a liquidator was appointed. Shortly thereafter, the same partner filed an involuntary petition for bankruptcy on behalf of the partnership. The bankruptcy filing was challenged by another partner of the firm and by the state court liquidator.

Despite the fact that the same partner who had sought the state court liquidation had also filed the involuntary bankruptcy, and over the objection of the liquidator and a partner of the law firm, the bankruptcy was not dismissed. The Fifth Circuit entertained no doubt of the appropriateness of the filing.

The Court appreciates the position of the Receiver who has been frustrated in his comprehensive attempt to reorganize TFRC without the expense and delay that are so often attendant to a bankruptcy proceeding. Nonetheless, the law does not impinge on Whitmore's right to file.

The Bankruptcy Court's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 28, 2023.

_____
Keith P. Ellison
United States District Judge